[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this limited contested dissolution action, the disagreement arises out of the plaintiff's claim that she is unable to work and her request for alimony. The defendant argues CT Page 4530 that he should not pay alimony since the plaintiff can support herself but refuses to do so.
This being a 22 year old marriage, the defendant should not be surprised to learn that an alimony order is appropriate. On the issue of the plaintiff's employability, the court heard from the plaintiff's physician, her psychiatrist, and a clinical psychologist who administered tests to her. All three of these witnesses state that the plaintiff is suffering from severe anxiety and depression and cannot be expected to hold down a job.
On this fact alone, an alimony award is justified. The plaintiff further claims the defendant has been violent and abusive and has been involved with another woman. While the allegations of abuse were contested, the only response to the allegation of infidelity was that the affair commenced after the marriage broke down. Listening to the plaintiff's narration of the events surrounding the revelation of the affair leads the court to conclude that, regardless of the timing, the discovery of the extra marital affair had a serious impact on the plaintiff and immediately exacerbated her illness.
Taking into account the statutory requirements of Sections46b-81 82, the court concludes that the following represents a fair and equitable decree of dissolution.
1. The court finds the jurisdictional requirements have been met, that the marriage has broken down irretrievably, and it is dissolved.
2. The defendant is ordered to pay alimony in the amount of $400. per week to the plaintiff until her re-marriage or death.
3. The plaintiff is awarded exclusive possession of the family residence, including the rental unit, located at 77-79 South Avenue, Meriden. The plaintiff, with her two college age sons, presently resides there and with the rental income and alimony should be provided for.
4. The plaintiff is awarded the 1989 Dodge but shall be responsible for the loan balance and payments thereon.
5. Until the plaintiff's car loan is paid off, the defendant will pay the cost of her health insurance in the approximate amount of $138.60 per month.
6. The defendant shall maintain the plaintiff as beneficiary under his present life insurance policy and shall provide the plaintiff with proof thereof on request. This requirement shall prevail while the defendant is obligated to pay CT Page 4531 alimony.
7. The plaintiff shall be responsible for the obligations on her financial affidavit.
8. As to the real property at 77-79 South Avenue, Meriden, the parties shall remain as joint owners but as tenants in common only and at such time as it is sold, the net proceeds shall be split equally between the parties. The court is preserving the defendant's interest because of the heavy financial demands imposed on him by the decree. Any repair, replacement, or improvement made on said property in excess of $350. shall be split equally between the parties. Otherwise, the plaintiff shall maintain and insure the premises and hold the defendant harmless from any liability with respect to the property.
ANTHONY V. DeMAYO, JUDGE